UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NATHAN GADBERRY,<br><br>    Plaintiff,<br><br>    v.<br><br>LIFE INSURANCE COMPANY OF<br>NORTH AMERICA,<br><br>    Defendant. | Case No. 2:25-cv-00391-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

**INTRODUCTION**

This is an action under the Employee Retirement Income Security Act of

1974 ("ERISA") in which Plaintiff Nathan Gadberry challenges the termination of

his long-term disability benefits. Gadberry sued in July 2025 and now seeks leave

to amend his complaint to add new claims and defendants.

The Court will grant the motion in part and deny it without prejudice in part

as follows: The Court will grant Gadberry's unopposed request to assert additional

claims. The Court will also grant Gadberry's unopposed request to add his former

employer, his employer's health and welfare benefits plan, and the plan's benefits

committee as defendants. The Court will deny Gadberry's request to add the

defendant identified in his proposed amended complaint as "New York Life Group

**MEMORANDUM DECISION AND ORDER - 1**

Benefit Solutions (aka New York Life Insurance Company ('NY Life')." [1] *See Proposed Am. Comp.* ¶ 5, Dkt. 18-5. As explained below, the proposed amended complaint does not plausibly allege that this entity—which the Court will typically refer to as "New York Life" throughout this opinion—exercised control over the plan or otherwise acted in a capacity that would subject it to liability under ERISA. Gadberry will be given leave to file an amended complaint.

## BACKGROUND

Gadberry suffers from single-sided deafness with an auditory processing disorder. He received long-term disability benefits for a period of time under a group disability policy. But his benefits were later terminated and his administrative appeal was unsuccessful. This action ensued.

Gadberry alleges that the denial of benefits was based on insubstantial evidence, was arbitrary, and was "an abuse of any purported discretionary authority." *Comp.* ¶ 11, Dkt. 1. Gadberry originally named a single defendant— Life Insurance Company of North America (LINA)—and he sought an award of past and future benefits under the plan plus costs, interest, and attorneys' fees. *Id.*

---

[1] In opposing the motion, LINA disputes Gadberry's factual allegation that New York Life Group Benefits Solutions (NYLGBS) is an "aka" for New York Life Insurance Company. LINA says NYLGBS is merely a trade name that LINA uses. For purposes of deciding this motion, the Court will assume the truth of Gadberry's allegation.

MEMORANDUM DECISION AND ORDER - 2

at 3.

Gadberry now seeks to amend his complaint for two reasons: *First*, he wishes to name four new defendants: (1) New York Life; (2) his employer, Science Applications International Corporation (SAIC); (3) SAIC's Benefits Committee; and (4) SAIC's Health and Welfare Benefits Plan. *Second*, he seeks to revise his complaint such that it lays out three claims for relief, styled as follows:

(1) *First Cause of Action* for plan benefits pursuant to 29 USC § 1132(a)(1)(B);

(2) *Second Cause of Action* for "appropriate equitable relief, declaratory relief, reformation, equitable surcharge, [and] injunctive relief pursuant to 29 U.S.C. § 1132(a)(3); and

(3) *Third Cause of Action* in the alternative, for appropriate equitable relief, declaratory relief, reformation, equitable surcharge, [and] injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and or 29 U.S.C. § 1132(a)(1)(b).

*Proposed Am. Comp.*, Dkt. 18-5.

For purposes of this motion, LINA does not object to the proposed restyling of the complaint, such that it now adds claims under § 1132(a)(3). [2] But LINA opposes Gadberry's request to name New York Life as a defendant.

---

[2] LINA indicates that "[w]hile the proposed addition of Section 502(a)(3) claims is unnecessary, LINA does not oppose Plaintiff's motion to add those claims against LINA at this time. LINA will address their lack of merit at a later date." *Response,* Dkt. 19, at 2.

MEMORANDUM DECISION AND ORDER - 3

## LEGAL STANDARD

Leave to amend a pleading should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The Court "considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States ex rel. Lee v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)). For purposes of assessing whether a proposed amendment is futile, the Court examines whether the amended pleading satisfies the requirements of Rule 8 of the Federal Rules of Civil Procedure by setting forth a cognizable legal theory, such that the pleading could survive a motion to dismiss pursuant to Rule 12(b)(6). *See United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1179–84 (9th Cir. 2016).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual content that, if accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim to relief is facially plausible if the factual allegations allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

MEMORANDUM DECISION AND ORDER - 4

Dismissal under Rule 12(b)(6) "may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). Although "a court must accept as true all of the allegations contained in a complaint," "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Finally, determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 557). Nonetheless, "a well pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

## ANALYSIS

LINA's core argument is that Gadberry should not be permitted to name New York Life as a defendant because, according to LINA, this entity "played no role in Plaintiff's LTD claim or its appeal." *Response,* Dkt. 19, at 1. LINA ventures

MEMORANDUM DECISION AND ORDER - 5

well beyond the four corners of the proposed amended complaint in advancing this argument, relying mainly on facts laid out in Richard Lodi's declaration. *See Lodi Dec.*, Dkt. 19-1. Mr. Lodi, a Senior Operations Representative for LINA, attests that New York Life Group Benefits Solutions (NYLGBS) is not an "aka" of New York Life Insurance Company. In fact, he says NYLGBS is not a legal entity at all but instead is "merely a trade name used by LINA for marketing purposes." *Id.* ¶ 5. Moreover, he says LINA's parent, New York Life Insurance Company, did not play any role in reviewing Mr. Gadberry's claim for LTD benefits. *Id.* LINA thus concludes that Gadberry's effort to pursue claims against New York Life is futile.

The Court will disregard Mr. Lodi's declaration in resolving this motion and assume the truth of Gadberry's factual allegations—including his allegation that New York Life Insurance Company is also known as NYLGBS. (Accordingly, the Court will refer to this allegedly singularly entity as "New York Life" throughout this opinion.) At this procedural stage, the Court's task is to simply determine whether the proposed amended pleading satisfies Rule 8 by setting forth a cognizable legal theory supported by factual allegations. In other words, the question is whether the proposed amended pleading could survive a motion to dismiss under Rule 12(b)(6). *See United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1179–84 (9th Cir. 2016). As will be explained, even under this relatively lenient standard, Gadberry has failed to plausibly allege claims against

MEMORANDUM DECISION AND ORDER - 6

New York Life.

## A.     The Relevant Statutory Framework

Before discussing the sufficiency of the proposed amended complaint, the Court will briefly outline the statutory framework for the ERISA claims Gadberry asserts.

Congress enacted ERISA to "protect . . . the interests of participants in employee benefit plans and their beneficiaries . . . ." 29 U.S.C. § 1001(b). Toward that end, ERISA comprehensively regulates employee welfare benefit plans that provide benefits in the event of disability, "through the purchase of insurance or otherwise . . . ." § 1002(1). ERISA also contains a "comprehensive civil enforcement scheme." *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 54 (1987). As relevant here, under § 502(a)(1)(B) of ERISA—codified at 29 U.S.C. § 1132(a)(1)(B)—a participant in an ERISA-governed plan may bring a civil suit "to recover benefits due to him under the terms of the plan." § 1132(a)(1)(B). And under § 502(a)(3)—codified at 29 U.S.C. § 1132(a)(3)—a plan participant may seek equitable relief to enforce ERISA's substantive requirements. *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). Gadberry's proposed amended complaint asserts claims under both provisions.

## B.     Gadberry's Proposed Claims Against New York Life

The Court first considers whether Gadberry's proposed amended complaint

plausibly alleges a claim against New York Life under ERISA § 502(a)(1)(B).

Section 502(a)(1)(B) specifies who may bring suit and the types of relief available, but it does not explicitly state who may be sued.[3] Recently, however, "the Courts of Appeals appear to have coalesced around a 'restrained functionalist' approach to the issue." *Chevalier v. BAE Sys., Inc.*, No. 23-1651(CKK), 2025 WL 870342 (D.D.C. Mar. 20, 2025). Under that approach, a defendant may be subject to suit under § 502(a)(1)(B) if it exercises actual control over the administration of the plan or the benefits determination at issue, even if it is not formally designated as the plan administrator or the plan itself. *See, e.g., Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202, 1207 (9th Cir. 2011) (holding that an entity other than the plan administrator could be sued because it "denied Cyr's request for increased benefits").

Thus, the question here is whether Gadberry's proposed amended complaint plausibly alleges that New York Life exercised control over the administration of the plan or the decision to terminate Gadberry's benefits. It does not. The proposed amended complaint contains a single allegation addressing the role of New York

---

[3] This section provides as follows: ***PERSONS EMPOWERED TO BRING A CIVIL ACTION:*** A civil action may be brought—(1) by a participant or beneficiary— …(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; . . . . 29 U.S.C. § 1132(a)(1)(B) (paragraph divisions omitted).

MEMORANDUM DECISION AND ORDER - 8

Life. Paragraph 6 states that, "[u]pon information and belief," New York Life Insurance Company is the corporate parent of LINA and that "NY Life and LINA controlled the disability insurance policy/plan at issue in this case." *Proposed Am. Comp.* ¶ 6, Dkt. 18-5. That paragraph also generally alleges that "correspondence regarding the claim file was sent on the letterhead of New York Life Group Benefit Solutions." *Id.*

These allegations are insufficient to support a claim against New York Life. The assertion that New York Life and LINA together "controlled" the plan is a conclusory statement that merely invokes a legal theory without providing supporting factual allegations. The general reference to the correspondence having been sent over NYLGBS letterhead does not provide sufficient factual detail. Further, the proposed amended complaint's broader allegations obscure rather than clarify the identity of who did what. For example, the proposed amended complaint repeatedly attributes various actions to "Defendants" collectively, which fails to plainly communicate which defendant did what. *See, e.g., Proposed Am. Comp.* ¶ 16 (alleging that "*Defendants* [plural] initially approved Plaintiff's claim for benefits for a period but terminated benefits . . . asserting that *it* [singular] believed Plaintiff did not meet [certain policy definitions]"); *id.* ¶ 19 (alleging that "in denying the appeal, *Defendants* [plural] stated that *it* [singular] believed Plaintiff could perform . . . alternative occupations . . . ."). This sort of ambiguity is

MEMORANDUM DECISION AND ORDER - 9

particularly problematic given that the original complaint plainly alleged that a single defendant—LINA—issued the policy, administered Gadberry's claim, and denied benefits. *See, e.g., Comp.* ¶¶ 9-13, Dkt. 1 (alleging that LINA "issued a group policy," "administered Plaintiff's claim," "wrongfully terminated Plaintiff's benefits," and "upheld its prevision decision" on appeal).

Gadberry relies on *Chevalier v. BAE Systems, Inc.,* No. 23-1651(CKK), 2025 WL 870342 (D.D.C. Mar. 20, 2025), to argue that dismissal of claims against New York Life would be improper at the pleading stage. But the *Chevalier* complaint contained numerous specific factual allegations tying New York Life directly to the administration of Chevalier's claim. Among other things, Chevalier alleged that New York Life acted as a claims administrator, denied her benefits claims, received and evaluated her appeals, and sent letters explaining the denial of those appeals. *Id.* at *5. As the *Chevalier* Court noted, "[t]hese allegations [were] all factual assertions about events in the real world; they are not legal conclusions or bare recitations of the elements of an ERISA claim." *Id.* Those allegations, accepted as true, supported a reasonable inference that New York Life exercised actual control over the administration of the plan and the denial of benefits. *Id.* (concluding that "the Complaint on its face plausibly states a claim for relief against New York Life").

Gadberry's proposed amended complaint does not contain comparable

MEMORANDUM DECISION AND ORDER - 10

allegations. Unlike the detailed allegations in *Chevalier*, Gadberry's proposed amended complaint does not lay out factual assertions about events in the real world. In short, the allegations in the proposed amended complaint do not contain the requisite factual basis from which the Court could reasonably infer that New York Life was responsible for the decision to terminate Gadberry's benefits or was otherwise involved in administering his claim.

For similar reasons, the proposed amended complaint fails to plausibly allege claims against New York Life under ERISA § 502(a)(3). To state a claim for breach of fiduciary duty or other equitable relief under this section, a plaintiff must plausibly allege that the defendant acted as an ERISA fiduciary with respect to the conduct at issue. ERISA defines a fiduciary as a person who exercises discretionary authority or control over the management of the plan or discretionary authority or responsibility in the administration of the plan. 29 U.S.C. § 1002(21)(A).

The proposed amended complaint contains no factual allegations supporting an inference that New York Life exercised such discretion. As discussed above, the complaint offers only conclusory assertions that these entities "controlled" the plan, along with the allegation that certain correspondence appeared on New York Life letterhead. Those allegations are insufficient to plausibly establish fiduciary status under ERISA.

MEMORANDUM DECISION AND ORDER - 11

For all these reasons, the Court will deny Gadberry's request to name New York Life as a defendant in his proposed amended complaint.

## C.    Denial Without Prejudice

The Court will, however, allow Gadberry an opportunity to file a revised, proposed amended complaint. Any such complaint must cure the deficiencies described above.

The Court will also note that, on reply, Gadberry provided specific examples of communications relevant to his claim. *See Ex. A to Reply,* Dkt. 20-1. These communications include letters sent on "New York Life Group Benefit Solutions" letterhead. One of these letters states, "We are reviewing the Long-Term Disability (LTD) claim for … Nathan Gadberry." *See Nov. 10, 2022 Letter,* Dkt. 20-1, at 3. Another states, "We are your employer's Long Term Disability (LTD) insurer." *See Aug. 17, 2022 Letter,* Dkt. 20-1 at 1. The materials also include an email from a consultant with New York Life, asking the recipient (identified as "GBS Document Upload") to upload a PDF relevant to Mr. Gadberry's claim. *See Mar. 8, 2023 email,* Dkt. 20-1 at 4.

These materials are subject to competing inferences. On the one hand, the correspondence sent over NYLGBS letterhead could simply reflect LINA's use of "New York Life Group Benefit Solutions" branding in communicating with plan participants. Indeed, the same materials identify LINA as the "underwriting

company," which might suggest that LINA remained the entity responsible for evaluating and deciding Gadberry's claim.

On the other hand, if NYLGBS is—as Gadberry alleges—an alias of New York Life, the same correspondence could support an inference that personnel associated with New York Life were involved in reviewing or administering aspects of Gadberry's claim. The email sent by a consultant with New York Life bolsters this inference. But the problem for Gadberry is that his proposed amended complaint does not utilize any of these materials to allege specific facts necessary to support the inference favoring his position. Instead, the complaint relies on the conclusory assertions noted above, as well as the confusing, collective references to "Defendants" performing various acts. In short, this correspondence does not cure the deficiencies contained in the proposed amended complaint on file. Plus, Gadberry did not submit this correspondence to the Court until he filed his reply brief, leaving LINA with no opportunity to comment.

Under these circumstances, the Court finds it appropriate to deny the motion to amend without prejudice. If Gadberry chooses to submit a revised, proposed amended complaint, he should plainly allege facts supporting his theory that New York Life was involved in administering his claim or otherwise exercised control over the benefits determination.

Finally, the Court notes that this case is still in the discovery phase. (The

MEMORANDUM DECISION AND ORDER - 13

discovery cutoff is June 12, 2026. *See Scheduling Order* ¶ 6, Dkt. 17). Gadberry

may therefore wish to conduct limited discovery regarding the corporate structure

and entity status of NYLGBS/New York Life before deciding whether he wishes to

pursue claims against New York Life. For that reason, the Court will allow

Gadberry an extended period of time (60 days) to decide whether to file a revised

amended complaint that includes New York Life as a defendant.

### ORDER

**IT IS ORDERED that** Plaintiff's Motion to Amend (Dkt. 18) is

**GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART** as

explained above. If Plaintiff chooses to file a revised amended complaint, he must

do so within 60 days of this Order.

DATED: March 18, 2026



B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 14